UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ENRIQUE ARJURO REYES-CABRERA,  )
                               )
        Plaintiff,              )
                               )
v.                             )    No. 1:10-cv-295-GZS
                               )
U.S. ATTORNEY GENERAL, *et al.*, )
                               )
        Defendants              )

## RECOMMENDED DECISION

Enrique Arjuro Reyes-Cabrera has brought suit against Eric Holder, the United States Attorney General, the Warden of the Moshanno Valley Correction Center, Mr. Gates, the unit manager at MVCC, and Ms. Duffalo, case manager at MVCC. Reyes-Cabrera brings his action pursuant to 28 U.S.C. § 2241, claiming that his sentence is being executed in an unlawful manner because his status as a deportable alien has prevented his participation in a particular substance abuse treatment program that upon successful completion could have made him eligible for a one-year reduction in sentence. For the reasons that follow I recommend that the court summarily dismiss this petition.

### Background

Reyes-Cabrera is no stranger to this court in terms of post-conviction pleading and there is no need to rehash that here beyond noting that in addition to his first 28 U.S.C. § 2255 motion, he has filed a motion for Rule 60(b) relief, a motion for writ of <u>audita querela</u>, a motion for a writ of error <u>coram nobis</u> / Rule 35 correction or reduction of sentence, a motion for review of sentence, a motion to reduce sentence based on his deportable status, and, most recently, a motion to reduce sentence. (See Doc. No. 103, <u>United States v. Enrique Arjuro Reyes-Cabrera</u>, 98-CR-16.) The crux of Reyes-Cabrera's most recent complaints, including the present petition,

is that immigration officials have filed a detainer against him that will be activated when he completes his sentence and the existence of this detainer impedes his eligibility to participate in certain substance abuse treatment programs. One of these programs, identified as the RDAP program, carries with it the possibility of one-year sentence reduction upon successful completion of the program. Petitioner claims that prison authorities have unlawfully prevented him from participating in this program.

## Discussion

The First Circuit has succinctly delineated the limits of the sentencing court's jurisdiction in regard to plaints of this nature from prisoners originally sentenced by this court:

> Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences, and the "inadequate or ineffective" savings clause is not applicable to such attacks since they are outside the bounds of § 2255. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir.1976) ("Section 2255 ... does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence. . . . The proper vehicle for attacking the execution of sentence . . . is 28 U.S.C. § 2241."); see also, e.g., Corrao [v. United States], 152 F.3d [188,] 191 [2d Cir. 1998)]; Valona [v. United States], 138 F.3d [693,] 694-95 [(7th Cir. 1998)].

United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999). Once administrative remedies have been exhausted, petitioner's proper remedy is a habeas petition under 28 U.S.C. § 2241. While Reyes-Cabrera's own petition hints at the possibility that administrative remedies have not been fully exhausted, I will assume for purposes of this recommended decision that he has exhausted all available administrative channels. (Pet. at 7, Doc. No. 1.)

The sentencing court only has jurisdiction over post-conviction petitions filed pursuant to 28 U.S.C. § 2255. Post-conviction petitions challenging conditions of confinement, including the manner of execution of sentence, and brought pursuant to 28 U.S.C. § 2241, are not within the jurisdiction of the sentencing court, unless the petitioner happens to be held within that

district. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ( "Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement; that motion must ordinarily be filed and heard by the district court in whose jurisdiction the petitioner is confined.") Other prisoners who have used § 2241 to challenge their non-admission to the RDAP program have routinely brought them in the jurisdiction where they are incarcerated. See, e.g., Norcutt v. Zych, No. 08-CV-14888, 2009 WL 514083, 2009 U.S. Dist. Lexis 15952 (E.D. Mich. Mar. 2, 2009) (Montana conviction, inmate serving his sentence at the Federal Correctional Institution in Milan, Michigan) (unpublished). Reyes-Cabrera is currently incarcerated in Philipsburg, Pennsylvania, and accordingly his petition under § 2241 must be brought in that district.

Reyes-Cabrera's motion requires a basic understanding of the Residential Drug Abuse Program and early release eligibility, two terms that he references in his motion, and that refer to the Bureau of Prison's residential substance abuse treatment program and the fact that successful completion of that program can earn an inmate up to a one-year sentence reduction. The Ninth Circuit has succinctly described the process as follows:

> Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute by directing the Bureau of Prisons to provide residential substance abuse treatment programs for prisoners determined to have a treatable condition of substance addiction or abuse. Crime Control Act of 1990, Pub.L. No. 101-647, § 2903, 104 Stat. 4789, 4913 (codified at 18 U.S.C. § 3621(b)). Four years later, in response to under-utilization of treatment programs, Congress again amended the statute to provide an early release incentive to encourage prisoner participation. Violent Crime Control and Law Enforcement Act of 1994, 103 Pub.L. No. 322, § 32001, 108 Stat. 1796, 1896-97. The statute provides that the Bureau may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment. 18 U.S.C. § 3621(e)(2)(B).

Arrington v. Daniels, 516 F.3d 1106, 1109 (9th Cir. 2008).

There is no dispute but that the Bureau of Prisons has discretion under the statute to determine who does and who does not qualify for early release eligibility. See Lopez v. Davis, 531 U.S. 230, 244 (2001) (recognizing the Bureau's discretion under § 3621 to promulgate a regulation categorically denying early release to prisoners based on pre-conviction conduct). Furthermore, following Lopez at least one district court has acknowledged that the Bureau's regulation that a deportable alien is categorically ineligible for early release due to his immigration detainer is a proper exercise of the Bureau's discretion. Mendez v. United States, 2009 WL 4857490, 2009 U.S. Dist. Lexis 116522 (S.D.N.Y. Dec. 11, 2009); see also Perez-Martinez v. United States, 235 Fed. Appx. 228, 229 (5th Cir. 2007) (per curiam, unpublished) (rejecting equal protection challenge to exclusion from the drug-treatment program and finding that regulatory exclusion of INS detainees from program was not shown to be irrational). Thus, even if this Court did have jurisdiction to entertain this § 2241 petition (which it clearly does not have), Reyes-Cabrera would lose on the merits.

**Conclusion**

Based on the foregoing, I recommend that the Court summarily dismiss this petition because it must be brought in the district where Reyes-Cabrera is currently incarcerated.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
                                                          U.S. Magistrate Judge
July 22, 2010